UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VENESSA BALAN,

    Plaintiff,

v.    CASE NO. 3:19-cv-351-J-34JBT

VESTCOR FUND XXII, LTD.,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendants' Motion for Judgment on the Pleadings ("Motion") (Doc. 31) and Plaintiff's Response thereto (Doc. 37). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 39.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

## I.  Background

According to the Complaint, Plaintiff previously resided in an apartment complex owned and operated by Defendants. (Doc. 1 at 2–3.) She was physically and sexually assaulted while in her apartment. (*Id.* at 4.) Thereafter, she suffered anxiety and an inability to sleep because she did not feel safe in her apartment. (*Id.* at 2.) She informed Defendants about the incident, and the resulting effects, and requested a transfer to a different apartment in the complex. (*Id.* at 4–5.) Defendants informed Plaintiff that she could not be transferred without surrendering her security deposit. (*Id.* at 5.)

Plaintiff then submitted an application to a different apartment complex owned and operated by the corporate Defendants. (*Id.* at 6.) Because she intended to move in the middle of the month and pay prorated rent for her current apartment, Plaintiff did not pay her rent on time. (*Id.*) Although Plaintiff informed Defendants of the situation, they initiated a summary eviction proceeding in the County Court in and for Duval County, Florida seeking only possession of the dwelling.[2] (*Id.* at 6–7; Doc. 26-1.) As a result of the eviction being on Plaintiff's record, her application to Defendants' other apartment complex was denied. (Doc. 1 at 7.) Ultimately, the summary eviction proceeding was dismissed because Plaintiff surrendered the apartment to Defendants. (Doc. 26-3.)

---

[2] Only Defendant WRH Realty Services, Inc. was a plaintiff in the summary eviction proceeding. (Doc. 26-1.) However, because this is not relevant to the recommendations herein, the undersigned will refer to Defendants collectively for ease of reference.

Plaintiff now brings the following causes of action under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*: Sex Discrimination in violation of 42 U.S.C. § 3604(b) ("Count I"); Failure to Make Reasonable Accommodation in violation of 42 U.S.C. § 3604(f)(3) ("Count II"); and Retaliation in violation of 42 U.S.C. § 3617 ("Count III"). (Doc. 1 at 8–13.) Defendants move for judgment on the pleadings, arguing that Plaintiff's claims are barred by res judicata, collateral estoppel, and Florida's compulsory counterclaim rule because the claims should have been raised in the eviction proceeding. (Doc. 31.) Defendants also argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[3] (*Id.*)

## II.     Standard

Federal Rule of Civil Procedure 12(c) states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." As the Eleventh Circuit has stated:

> Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party. If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied.

---

[3] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

*Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citations and quotations omitted). "When resolving a motion for judgment on the pleadings, the Court must consider all of the pleadings: the complaint, the answer, and any documents attached as exhibits."[4]  *See Ho v. Lapano*, Case No. 8:18-cv-2802-T-36SPF, 2019 WL 2247694, at *3 (M.D. Fla. May 24, 2019).

### III.  Analysis

Defendants first argue that Plaintiff's claims are barred by res judicata, collateral estoppel, and Florida's compulsory counterclaim rule because the claims should have been raised in the eviction proceeding.  (Doc. 31 at 12–17.)  The undersigned recommends that this argument be rejected because these procedural bars do not apply following a summary eviction proceeding involving only possession of a dwelling.[5]  Additionally, Defendants argue that the *Rooker-Feldman* doctrine bars Plaintiff's claims.  (*Id.* at 15–16.)[6]  The undersigned recommends that this argument be rejected because Plaintiff is not seeking review

---

[4] Thus, to the extent Plaintiff argues that the Court should not consider documents attached to Defendants' Answer and Amended Affirmative Defenses (Doc. 26), the undersigned recommends that this argument be rejected.  (Doc. 37 at 6–7.)  The undersigned further recommends that, despite Plaintiff's argument to the contrary, the Court may take judicial notice of the court file in the summary eviction proceeding.  (Doc. 30; Doc. 37 at 6–7.)  The purpose of judicial notice in this instance is simply to recognize what is in the file, not to rely on the accuracy of any contentions or matters in any particular filing.  A copy of the subject court file is attached to Defendants' Request for Judicial Notice.  (Doc. 29-1.)

[5] Unfortunately, neither side addresses the applicability of res judicata, collateral estoppel, or Florida's compulsory counterclaim rule in the context of a summary proceeding, despite Florida case law directly on point.

[6] Similarly, the parties fail to address the applicability of the *Rooker-Feldman* doctrine in the context of a summary proceeding.

4

of any determination made in the summary eviction proceeding. Moreover, the county court's final order simply dismissed the eviction action because Plaintiff had vacated the premises. (Doc. 26-3.)

### A. Res Judicata, Collateral Estoppel, and Florida's Compulsory Counterclaim Rule.

"In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court applies the rendering state's law of preclusion." *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1074 n.6 (11th Cir. 2013) (quotations omitted). "[U]nder Florida law, there is no res judicata effect for a summary eviction proceeding."[7] *Vignoli v. Clifton Apartments, Inc.*, Case No. 12-24508-CIV, 2014 WL 6850775, at *12 (S.D. Fla. Oct. 7, 2014), report and recommendation adopted, 2014 WL 6850778 (S.D. Fla. Dec. 3, 2014). Specifically:

> [Florida's] statutory scheme allows the landlord to bring an action only for possession and authorizes the landlord to file a separate action for the unpaid rent. In fact, that is what [plaintiff] did in this case.
>
> The summary procedure statutes envision an expedited process to determine the right to possession promptly without the necessity of deciding all other issues between the parties. While the tenant may assert all equitable defenses in a landlord/tenant dispute, there is no obligation to do so in the summary procedure action.

---

[7] "Florida law establishes that [a] judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action." *Muhammad v. Sec'y Fla. Dept. of Corr.*, 739 F.3d 683, 688 (11th Cir. 2014) (quotations omitted).

> Just as the landlord does not have to assert all its claims in the action to remove the tenant, the tenant does not have to assert all its defenses. The tenant may await the landlord's action for damages to assert any monetary claims by way of affirmative defenses or counterclaims.
>
> In this case, [defendant] voluntarily abandoned her defenses in the expedited summary procedure provided for eviction actions, and thus, there was never an adjudication on the merits of her counterclaims that would prevent her from asserting those defenses in [plaintiff's] subsequent action to collect rent.

*Camena Inv. & Prop. Mgmt. Corp.*, 791 So. 2d 595, 596–597 (Fla. Dist. Ct. App. 2001) (citations omitted).[8]

In this case, the eviction action was a summary proceeding wherein Defendants sought only possession of the dwelling. (Doc. 26-1 at 2.) Although Plaintiff, represented by counsel, filed a consolidated motion to dismiss, motion to determine rent, answer, and affirmative defenses, Plaintiff did not raise any of the issues or claims brought in this action.[9] (*See* Doc. 26-2 at 2–7.) Moreover, because Plaintiff surrendered the property to Defendants before that motion was decided, the issues raised therein were deemed moot, and the proceeding was

---

[8] The statute at issue in *Camena* provided for a summary proceeding, pursuant to section 51.011, Florida Statutes, to remove commercial tenants. *See* Fla. Stat. § 83.21. However, there is an analogous statute that provides for the same summary proceeding pursuant to section 51.011, Florida Statutes, to remove residential tenants. *See* Fla. Stat. § 83.59.

[9] Plaintiff moved to dismiss the proceeding based on Defendants' failure to comply with the fictitious name statute and failure to attach documents. (Doc. 26-2 at 2–4.) Plaintiff also asserted the affirmative defenses of failure to state a cause of action and improper plaintiff/fictitious name. (*Id.* at 6–8.)

dismissed. (Doc. 26-3.) Thus, the undersigned recommends that res judicata does not apply.

Similarly, the undersigned recommends that collateral estoppel does not apply for the same reasons discussed above. The issues raised in this lawsuit were not even raised, much less litigated and determined, in the summary eviction proceeding.[10] See *Lozman*, 713 F.3d at 1079 ("[C]ollateral estoppel precludes relitigation of issues *actually litigated* in a prior proceeding. . . . [It] is an affirmative defense, and the party asserting it bears the burden to show that such an issue was formerly determined with sufficient certainty.") (citations and quotations omitted).

Finally, the undersigned recommends that the reasoning in *Camena* applies equally to Florida's compulsory counterclaim rule.[11] In fact, the *Camena* court specifically recognized that "the tenant does not have to assert all its defenses" in the eviction action. See *Camena*, 791 So. 2d at 597. See also *Vignoli*, 2014 WL 6850775, at *11–12 (rejecting the defendant's argument that the plaintiffs' "federal

---

[10] Under Florida law, "[c]ollateral estoppel principles are applicable to a subsequent proceeding only if, 1) the identical issues were presented in a prior proceeding; 2) there was a full and fair opportunity to litigate the issues in the prior proceeding; 3) the issues in the prior litigation were a critical and necessary part of the prior determination; 4) the parties in the two proceedings were identical; and 5) the issues were actually litigated in the prior proceeding." *Lozman*, 713 F.3d at 1078–79 (quotations omitted).

[11] Florida's compulsory counterclaim rule states in relevant part: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction." See Fla. R. Civ. P. 1.170(a).

claims are barred by res judicata because they should have been brought as *compulsory counterclaims* in the state proceeding" in part because "there is no res judicata effect for a summary proceeding" under Florida law) (emphasis added). Thus, the undersigned recommends that this argument be rejected as well.[12]

### B. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262–63 (11th Cir. 2012) (quotations omitted). The doctrine "operates as a bar to federal court jurisdiction where the issue before the federal court [is] inextricably intertwined with the state court judgment so that (1) the success of the federal claim would effectively nullify the state court judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." *See id.* (quotations omitted).

---

[12] The undersigned recognizes that there is Florida case law holding that "[a] tenant who has been lawfully evicted pursuant to statutory procedure is precluded, in a separate action, from attacking that eviction as wrongful." *See Walsh v. Cas, Inc.*, 633 So. 2d 561, 562 (Fla. Dist. Ct. App. 1994). Although Plaintiff does not bring a claim for wrongful eviction, she does allege that the eviction was retaliatory. (Doc. 1 at 12.) However, she alleges other grounds for the retaliation count (Count III) as well. (*Id.*) Thus, the undersigned recommends that this count not be dismissed, and that the Court need not decide at this time whether any damages allegedly stemming from the eviction action might be precluded in this case based on *Walsh*. *Walsh* may not be applicable in this case given the difference in claims and the fact that Plaintiff voluntarily abandoned the premises before an eviction judgment was entered.

The undersigned recommends that the *Rooker-Feldman* doctrine does not apply in this case for several reasons. First, Plaintiff is not seeking review and rejection of any state court determination, which at most concerned possession of the property. (Doc. 26-3.) Second, the county court final order did not address the substance of any arguments because Plaintiff had already vacated the premises.[13] Finally, Defendants cite no case, and the undersigned is aware of none, in which *Rooker-Feldman* was applied in similar circumstances involving a summary eviction proceeding. Thus, the undersigned recommends that the *Rooker-Feldman* doctrine does not apply.

### IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

The Motion (**Doc. 31**) be **DENIED**.

**DONE AND ENTERED** in Jacksonville, Florida, on November 2, 2020.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[13] Although the county court reserved jurisdiction to award attorneys' fees and costs, there is no indication that any fees or costs were awarded. (*See* Doc. 26-3; Doc. 29-1.)