UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VENESSA BALAN,

    Plaintiff,

v.                                                CASE NO. 3:19-cv-351-J-34JBT

VESTCOR FUND XXII, LTD.,
et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Partial Summary Judgment ("Motion") (Doc. 32) and Defendants' Response thereto (Doc. 38). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 39.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** only to the extent that the Court treat as undisputed, and therefore established, the fact that Defendants did not have an emergency transfer plan at the relevant time,

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

which was required by the Violence Against Women Act, 34 U.S.C. §§ 12291 *et seq.* ("VAWA"), and **DENIED** in all other respects.[2]

## I. Background

According to the Complaint, Plaintiff previously resided at an apartment complex owned and operated by Defendants. (Doc. 1 at 2–3.) She was physically and sexually assaulted while in her apartment. (*Id.* at 4.) Thereafter, she suffered anxiety and an inability to sleep because she did not feel safe in her apartment. (*Id.* at 2.) She informed Defendants about the incident, and the resulting effects, and requested a transfer to a different apartment in the complex. (*Id.* at 4–5.) Defendants informed Plaintiff that she could not be transferred without surrendering her security deposit, and they later filed an eviction action against her. (*Id.* at 5–7.) Plaintiff brings the following causes of action under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*: Sex Discrimination in violation of 42 U.S.C. § 3604(b) ("Count I"); Failure to Make Reasonable Accommodation in violation of 42 U.S.C. § 3604(f)(3) ("Count II"); and Retaliation in violation of 42 U.S.C. § 3617 ("Count III"). (*Id.* at 8–13.)

## II. Analysis

In the Motion, Plaintiff first requests that the Court treat as established the

---

[2] Emergency transfer plans were not required to be adopted until June 14, 2017. *See* 24 C.F.R. 5.2005(e). The incidents giving rise to this action began in August 2017. (*See* Doc. 1.)

undisputed fact that Defendants did not have an emergency transfer plan at the relevant time, which was required by VAWA.[3] (Doc. 32.) Defendants stipulate to this fact.[4] (Doc. 44.) Thus, this fact is not genuinely in dispute, and the undersigned recommends that it be treated as established.

Next, Plaintiff requests that the Court rule as a matter of law that Defendants' undisputed above violation of VAWA creates an inference of discriminatory intent under the FHA. (Doc. 32.) The undersigned recommends that this request be denied because it is unclear, at best premature, and not supported by the relevant case law.

Plaintiff does not explain where her requested "inference of discrimination" would fit procedurally going forward, and she appears not to have thought it through. (*Id.* at 1.) Presumably, the requested inference would appear to be relevant only to a ruling at trial on a motion for judgment as a matter of law pursuant to Rule 50, Federal Rules of Civil Procedure. Specifically, this inference apparently relates to Plaintiff's prima facie case for one or more of her FHA claims under the

---

[3] The statute states in relevant part that "[e]ach appropriate agency shall adopt a model emergency transfer plan for use by public housing agencies and owners or managers of housing assisted under covered housing programs that— (1) allows tenants who are victims of domestic violence, dating violence, sexual assault, or stalking to transfer to another available and safe dwelling unit assisted under a covered housing program" if certain conditions are met. *See* 34 U.S.C. § 12491(e).

[4] However, they argue that the Motion should be denied in its entirety because the relief requested, which is not dispositive of any claim, is unavailable under Federal Rule of Civil Procedure 56. (Doc. 38.) The undersigned recommends that this argument be rejected as to this request. *See* Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case.").

*McDonnell Douglas* framework.[5]  *See Massaro v. Mainlands Section 1 & 2 Civic Ass'n, Inc.*, 3 F.3d 1472, 1476 n.6 (11th Cir. 1993) ("Fair housing discrimination cases are subject to the three-part test articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).")[6]; *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005) ("Under the familiar *McDonnell Douglas* framework, the plaintiff must first create an inference of discrimination through his prima facie case.").  While this framework is applicable to motions for judgment as a matter of law, juries are not instructed on this framework.  *See Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 656–59 (11th Cir. 1998) (applying the *McDonnell Douglas* framework to a motion for judgment as a matter of law granted at trial); *Farley*, 197 F.3d at 1333 (stating that the Eleventh Circuit has "directed that juries should *not* be instructed on the *McDonnell Douglas* framework" and noting that "once the . . . framework has been met by both parties in the pretrial stages, it simply drops out of the picture when the jury begins its deliberations") (quotations omitted).[7]

---

[5] Plaintiff does not mention the *McDonnell Douglas* framework in the Motion.

[6] "Under this familiar framework, a plaintiff must first establish a prima facie case of discrimination.  The burden of production then shifts to the defendant who must articulate a legitimate non-discriminatory reason for the challenged [conduct].  And finally, the plaintiff then bears the ultimate burden of persuasion that the defendant's proffered reason is a pretext for discrimination." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1333 (11th Cir. 1999).

[7] "The *McDonnell Douglas* stages are simply a method of analysis for organizing a discrimination case in its initial stages to determine if a case has enough evidence to reach a jury in the first place." *Farley*, 197 F.3d at 1333

4

At bottom, rather than raising an inference of discrimination at trial through evidence in support of her prima facie case, Plaintiff is asking the Court to rule now as a matter of law that such an inference exists based solely on Defendants' undisputed aforementioned violation of VAWA. Because this inference is relevant only to a potential motion for judgment as a matter of law, which may never even be made at trial, there is no need for the Court to decide the issue at this time. Moreover, if such a motion is made, the Court would have the benefit of fuller factual development at trial, and would not have to rule based on only a singular fact. Thus, the undersigned recommends that, to the extent this request makes any sense, it is premature.[8]

Additionally, the undersigned recommends that the two cases cited by Plaintiff do not support her argument that, as a matter of law, any violation of VAWA by a defendant automatically creates an inference of discriminatory intent under the FHA at the summary judgment stage, particularly to support rather than to defeat a motion for summary judgment.[9] (Doc. 32 at 8.) Rather, those cases hold generally that, based on the facts of the case, a defendant's violation of VAWA *may* preclude an adverse judgment on the pleadings or an adverse summary judgment on an FHA claim because the violation *might* create an inference of

---

[8] Moreover, a ruling establishing the requested inference would be preliminary in nature because Defendants may negate the inference at trial. *See Bogle*, 162 F.3d at 658 ("Once [the defendant] introduced [a] legitimate nondiscriminatory reason for [the conduct], the initial presumption of discrimination accompanying the *prima facie* case dissolved . . . .").

[9] Defendants did not move for summary judgment.

discriminatory intent under the FHA sufficient to defeat such motions. *See Dickinson v. Zanesville Metro. Hous. Auth.*, 975 F. Supp. 2d 863, 872 (S.D. Ohio 2013) (denying a defendant's motion for judgment on the pleadings as to plaintiff's FHA claim in part because the defendant's "dereliction of its obligations under [VAWA] and apportionment of blame for the results of the domestic violence . . . could give rise to an inference that [the defendant] acted with intent to discriminate on the basis of gender"); *Bouley v. Young–Sabourin*, 394 F. Supp. 2d 675, 678 (D. Vt. 2005) (denying cross-motions for summary judgment on the plaintiff's FHA claim, without mentioning VAWA, where the plaintiff "demonstrated a prima facie case" sufficient to withstand summary judgment but not sufficient to support summary judgment because it was "undisputed that, less than 72 hours after the plaintiff's husband assaulted her, the defendant attempted to evict her").[10]

In short, the relevant case law suggests only that, at this stage, a violation of VAWA may create a factual issue regarding discriminatory intent sufficient to preclude summary judgment on an FHA claim. *See id. See also Antonelli v. Gloucester Cty. Hous. Auth.*, Case No. 19-16962 (RBK/AMD), 2019 WL 5485449, at *7 (D. N.J. Oct. 25, 2019) (collecting cases). Plaintiff cites no case where partial summary judgment on this issue was granted in a plaintiff's favor under similar

---

[10] Although the *Bouley* court used the language that the plaintiff had "demonstrated a prima facie case," it appears that such ruling was applicable only in the summary judgment context and was not meant as a trial finding. The court set forth the facts "solely for the purpose of deciding the pending motions." *See Bouley*, 394 F. Supp. 2d at 676.

6

circumstances, and the undersigned is aware of none.  Thus, the undersigned recommends that the relevant case law does not support Plaintiff's argument.

### III.  Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

The Motion (**Doc. 32**) be **GRANTED** only to the extent that the Court treat as established the undisputed fact that Defendants did not have an emergency transfer plan at the relevant time, which was required by VAWA, and **DENIED** in all other respects.

**DONE AND ENTERED** in Jacksonville, Florida, on December 11, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record