**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VENESSA BALAN,

    Plaintiff,

vs.

Case No. 3:19-cv-351-MMH-JBT

VESTCOR FUND XXII, LTD., et al.,

    Defendants.

_____/

## **O R D E R**

**THIS CAUSE** came before the Court on May 24, 2021, for a pre-trial conference. At the pre-trial conference, the Court addressed the pending motions including Defendants' Motion in Limine to Exclude Certain Testimony of Plaintiff's Expert Witness Stan V. Smith, Ph. D. (Doc. 54; Motion). For the reasons stated on the record at the hearing, the Court determined that Dr. Smith's testimony regarding Plaintiff's reduction in value of life was due to be excluded. Before reaching a conclusion about the admissibility of the testimony, the Court inquired about a 22-page list appended to Dr. Smith's Preliminary Report titled "List of Cases Over the Last Four Years wherein Dr. Smith had Testified as of October 28, 2019," (the "List"). See Motion at Exhibit 1 (Doc. 54-1). Specifically, the Court sought clarification on whether the cases on the List represented cases in which Dr. Smith simply gave a deposition, or

cases in which a court had occasion to rule on the admissibility of his testimony. Counsel candidly acknowledged not knowing the answer to that specific question.

Upon review of a sampling of the federal court cases on Dr. Smith's List, the Court found none in which he provided testimony at trial before a United States District Court. Further, the Court's independent research revealed that Dr. Smith's testimony regarding hedonic damages has been found inadmissible by the vast majority of federal courts including some of the cases on his List.[1]

---

[1] See Smith v. Jenkins, 732 F.3d 51, 65-67 (1st Cir. 2013); see Mercado v. Ahmed, 974 F.2d 863, 869-71 (7th Cir. 1992); see Saia v. Sears Roebuck & Co., 47 F. Supp. 2d 141, 150 (D. Mass. 1999); see Davis v. ROCOR Int'l, 226 F. Supp. 2d 839, 842-43 (S.D. Miss. 2002); see Allen v. Bank of Am., N.A., 933 F. Supp. 2d 716, 734 (D. Md. 2013); see Doe v. Colgate Univ., 457 F. Supp. 3d 164, 177 (N.D.N.Y. 2020), reconsideration denied, No. 517CV1298FJSATB, 2020 WL 3432827 (N.D.N.Y. June 23, 2020); see Ayers v. Robinson, 887 F. Supp. 1049, 1064 (N.D. Ill. 1995); see Kurncz v. Honda N. Am., Inc., 166 F.R.D. 386, 391 (W.D. Mich. 1996); see Sullivan v. U.S. Gypsum Co., 862 F. Supp. 317, 321 (D. Kan. 1994); see Brereton v. United States, 973 F. Supp. 752, 758 (E.D. Mich. 1997); see Snyder v. Bank of Am., N.A., No. 15-CV-04228-KAW, 2020 WL 6462400, at *9 (N.D. Cal. Nov. 3, 2020) (a case included on Dr. Smith's List despite rejection of his testimony by the Court); see Cramer v. Equifax Info. Servs., No. 4:18-CV-1078 CAS, 2019 WL 4468945, at *6 (E.D. Mo. Sept. 18, 2019) (also on the List); see Fams. Advoc., LLC v. Sanford Clinic N., No. 3:16-CV-00114, 2019 WL 1442162, at *7 (D.N.D. Mar. 31, 2019); see Glisson v. Corr. Med. Servs., Inc., No. 112CV01418SEBMJD, 2018 WL 6807295, at *5 (S.D. Ind. Dec. 27, 2018); see Starling v. Banner Health, No. CV-16-00708-PHX-NVW, 2018 WL 1015470, at *3 (D. Ariz. Feb. 21, 2018) (also included on the List); see Rascon v. Brookins, No. CV-14-00749-PHX-JJT, 2018 WL 739696, at *6 (D. Ariz. Feb. 7, 2018); see Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc., No. 1:11-CV-430-WTL-DML, 2015 WL 3448947, at *2 (S.D. Ind. May 29, 2015); see Crawford v. Franklin Credit Mgmt. Corp., No. 08-CV-6293 (KMW), 2015 WL 13703301, at *9 (S.D.N.Y. Jan. 22, 2015); see Stokes v. John Deere Seeding Grp., No. 412CV04054SLDJAG, 2014 WL 675820, at *3-6 (C.D. Ill. Feb. 21, 2014); see Bolden v. Walsh Grp., No. 06 C 4104, 2012 WL 1079898, at *5 (N.D. Ill. Mar. 30, 2012). Cf. Smith v. Auto-Owners Ins. Co., No. 15-CV-1153 SMV/GBW, 2017 WL 3188476, at *5 (D.N.M. July 25, 2017) (permitting Dr. Smith to testify generally about hedonic damages and "the method for calculating them . . ." but declining to allow Dr. Smith to testify as to a dollar amount); Case v. Town of Cicero, No. 10 C 7392, 2013 WL 5645780, at *11 (N.D. Ill. Oct. 16, 2013) (allowing Dr. Smith to generally explain hedonic damages but prohibiting him from providing a specific dollar amount or methodology to calculate the plaintiff's hedonic damages).

These findings and the reasoning of the courts excluding Dr. Smith's testimony on the value of hedonic damages further support the Court's conclusion that Dr. Smith's testimony would not be helpful to a jury. Moreover, the Court continues to be convinced that to the extent Dr. Smith's testimony has any probative value, it is outweighed by the risk that purported expert testimony putting a specific value on the Plaintiff's noneconomic damages will confuse and/or mislead the jury.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion in Limine to Exclude Certain Testimony of Plaintiff's Expert Witness Stan V. Smith, Ph. D. (Doc. 54; Motion) is **GRANTED, in part,** and **DENIED, in part**.

2. The Motion is **GRANTED** to the extent that Dr. Smith's testimony regarding the reduction in value of life is excluded.

3. Otherwise, the Motion is **DENIED.**

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of May, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28 - 4 -

Copies to:

Counsel of Record